FRED W. JONES, Jr., Judge.
In this domestic relations litigation the defendant-husband, Bobby L. Martin, appeals the following:
(1) Judgment dated September 5, 1984, insofar as it restricted the appellant’s visitation rights by providing that he could not drive a motor vehicle in which his children were riding; and
(2) Judgment dated October 25, 1984, sentencing the appellant to pay a fine of $500 and serve six months in jail for contempt of court.
For the reasons hereinafter explained, we affirm both judgments.

Factual and Procedural Context

According to the record, the Martins were married in December 1972. Two children were born of the marriage. The parties physically separated in June 1983. Mrs. Martin sued for a legal separation the following month. A restraining order was issued prohibiting Martin from “harassing, harming, assaulting, or threatening” his wife or members of her family in any manner.
After the initiation of contempt proceedings and a hearing in September 1983, Martin ' was found in contempt of court for violent acts directed at his wife and her father. Following his expression of contrition and promise to refrain from a repetition of that type of conduct, no penalty was imposed. At the same time a legal separation was granted the parties on the ground of mutual fault. The parents received joint custody of their children, with the mother designated as the custodial parent. Mrs. Martin was awarded $125 per month child support.
Following a trial in October 1983, Martin was again found in contempt of court for threatening and harassing his wife and taking her car while she was in church, leaving her and the children stranded. He received a six months jail sentence, suspended upon the condition that he serve ten days in jail. Martin was also placed on two years unsupervised probation.
The rule which resulted in the judgments on appeal was filed in March 1984.

Restriction of Visitation Rights

At a hearing held on July 2, 1984 the trial judge found that in April 1984 Martin had picked up the children at his wife’s home and drove off with them. Mrs. Martin was operating her car on the highway at the same time and met her husband [followed closely by an 18-wheel truck] coming down the road toward her. Approaching his wife’s vehicle, Martin swerved his automobile over into her lane as though to crash head-on, and then turned abruptly back into his lane in front of the following truck, endangering the lives of the occupants of all of the vehicles.
On another occasion, in May 1984, Martin got into his car and chased his wife [accompanied by the children] down the highway at a high rate of speed and attempted to run her off the road.
Under the circumstances, we find no abuse of the trial judge’s broad discretion in decreeing that, during the exercise of his visitation privileges, appellant shall not drive a motor vehicle in which his children are riding.

Contempt Conviction and Sentence

In written reasons for judgment, the trial judge found Martin in contempt of court for failure to pay past due child support in *1110 the amount of $344. He made the further fact-finding:
“February 9, 1984, Mrs. Martin was in the hospital with her son, James, who had the flu, and she called Mr. Martin to tell him of the child’s illness. He was abusive to her on the telephone, cursed her, and was so loud that the child could hear there was a disturbance.
“Mr. Martin called Mrs. Martin twice on March 4, 1984, and each time cursed her, threatened to ‘get’ her and her family, and used vulgar, abusive language.
“On March 7, 1984, Mrs. Martin, together with her children, her mother and a sister, went to a restaurant in Logans-port. Mr. Martin called them from across the street, in a loud manner, cursing Mrs. Martin and calling obscenities to her. Mrs. Martin went on into the restaurant. Mr. Martin then went to her car and raised the hood. Mrs. Martin learned that Mr. Martin was tampering with her car, left the restaurant, went to the parking lot and saw Mr. Martin partially under the hood of her car. She asked him what he was doing. He then slammed the hood down, cursed her and threatened her, using vulgar language.

“On another occasion, in May, 1984, Mrs. Martin met Mr. Martin in Tyler, Texas for the purpose of the children seeing a children’s psychologist. On this occasion Mr. Martin flew into a rage, became violent, grabbed both of Mrs. Martin’s arms, twisted them, grabbed her hands; bent her fingers back and threatened to break her arm; he jerked her about, struck her on the jaw, and her legs. He left bruises on her arms, jaw and legs.... ”
Appellant argues that the trial judge erred in finding him in contempt of court solely on the basis of his wife’s testimony. We do not agree. The assessment of witness credibility by the trial court is traditionally accorded great weight by our appellate courts. We discern no reason to disturb the trial judge’s finding here.
Appellant also complains that the sentence imposed is excessive. While the trial court imposed the maximum sentence permitted [La.R.S. 13:4611(A)(2) ], we cannot say that this constituted an abuse of discretion, in view of Martin’s extensive history of abuse toward his wife, failure to pay child support, and two prior judgments of contempt, all in violation of court orders.

Conclusion

For the reasons set forth, we affirm both judgments of the district court, with costs of appeal assessed to appellant.